IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

TIMMY TERRELL HARRIS

    Plaintiff,

VS.

LT. CREWS, SGT. SWAIN and ROBERT RENFROE

    Defendants.

CIVIL ACTION FILE
NO. 7:06-CV-117 (HL)

RECOMMENDATION TO GRANT MOTIONS TO DISMISS COMPLAINT

On April 25, 2007, defendants Crews and Swain filed their motion to dismiss this complaint as to them (R. at 22). On May 3, 2007, defendant Renfroe filed his motion to dismiss the complaint, which was in essence his adoption of the motion earlier filed by defendants Crews and Swain (R. at 25).

As grounds for their motion defendants urge that the plaintiff was released from the Lowndes County Jail on March 29, 2007 and has failed to keep the Court or the defendants aware of his whereabouts as he was ordered to do on December 13, 2006, or face the possibility of having his case dismissed.[1] The court notes that the last activity undertaken herein by the plaintiff appears to have occurred on March 19, 2007, when the plaintiff filed a document questioning the answer of a defendant (R. at 21). The court also notes that the order of the court advising the plaintiff of the filing of the first motion to dismiss herein was returned to the court

---

[1] See Harris v. Lewis, Crews & Swain, 7:07-CV-124(HL)(M.D. GA.) Wherein on October 15, 2007, the undersigned recommended that this same plaintiff's case be dismissed for this same reason. Plaintiff did not object to the recommendation which was adopted and made the order of this court on November 14, 2007.

with "out" marked on the envelope (R. at 23, 26)

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).   Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution.  Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff.  The plaintiff has taken no meaningful steps to prosecute his case since March 2007, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit and that it was necessary for the plaintiff to keep the court and the defendants aware of his whereabouts at all times during the pendency of this action.  The plaintiff has had more than adequate time to pursue his claim against the defendants but he has failed to do so.  The court finds that lesser sanctions will not suffice herein.  Accordingly, it is the **RECOMMENDATION** of the undersigned that the defendants' motions to dismiss plaintiff's complaint for failure to prosecute same be **GRANTED** and his complaint be **DISMISSED.**

**SO RECOMMENDED,** this 19th  day of November 2007.

>                    */s/ Richard L. Hodge*
>                    RICHARD L. HODGE
>                    UNITED STATES MAGISTRATE JUDGE